***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOANNE RICCIO, on behalf of herself and all others similarly situated,  Plaintiff,  v.  CLIENT SERVICES, INC.,  Defendant. | Civil Action No. 20-7974 (FLW) (DEA)  OPINION |

**WOLFSON, Chief Judge:**

Plaintiff Joanne Riccio ("Plaintiff") filed the instant Complaint, alleging that Defendant Client Services, Inc. ("Defendant" or "CSI") sent her a collection letter which failed to inform her whether interest would be added to her account balance once Defendant completed its collection efforts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" or the "Act"). Before the Court is Defendant's Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**; all claims against Defendant are dismissed.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are gleaned from the Complaint and taken as true for the purpose of this Motion. On or before February 13, 2020, Plaintiff incurred a financial obligation to Citibank, N.A./Sunoco Consumer ("Sunoco"). (Pl.'s Compl., ¶ 15.) Plaintiff's Sunoco Account ("the Account") was referred to Defendant for collection. *Id*. It is undisputed that Defendant is a "debt

1

collector," as defined by the FDCPA.[1] *Id*. On February 13, 2020, Plaintiff received a collection letter from Defendant for an amount totaling $847.16. *Id*. at 6. The collection letter offered Plaintiff the opportunity to resolve the debt for $382.00 and included the following statement regarding interest: "Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account." *Id*.

On June 30, 2020, Plaintiff filed the instant suit, individually and on behalf of those similarly situated, against Defendant, alleging that the collection letter violated the FDCPA. Specifically, Plaintiff claims that (1) Defendant used a false, deceptive or misleading representation in collecting on the debt, in violation of 15 U.S.C. § 1692e(2)(A), and (2) Defendant made a false representation of the character or amount of the debt, in violation of 15 U.S.C. § 1692e(10). Defendant filed the instant motion to dismiss the Complaint on July 23, 2020.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels

---

[1] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id*. at 570; *see Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard mandated by *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to . . . state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Finally, where "there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III.    DISCUSSION

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim for relief under the FDCPA, a plaintiff must allege that: (1) she is a "consumer"; (2) the defendant is a "debt collector"; (3) the defendant's action was done in an attempt to collect a "debt"; and (4) "the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*,

3

765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). Here, Defendant does not dispute that the first three elements are satisfied. Rather, it argues that Plaintiff has not properly alleged a violation of the FDCPA. (Def. Mot., at 79.)

To determine whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006); *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298–99 (3d Cir. 2008), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Though this standard places a low bar, it nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 221 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)).

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff specifically claims that the collection letter she received from Defendant violated § 1692e(2)(A), which prohibits "[t]he false representation of the character, amount, or legal status of any debt," and § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]" According to Plaintiff, the statement in the collection letter regarding interest on the debt "does not inform the reader whether or not interest will be added to the account balance, once CSI completes its collection efforts concerning the SUNOCO debt." (Compl. ¶ 27.) Defendant, however, argues that the least sophisticated debtor would not have been misled by the challenged-portion of the collection letter because "the Letter can only be read to mean that interest

4

is not accruing while the account is with CSI." (Def. Reply at 4.) Therefore, Defendant maintains that the challenged letter did not contain any material misrepresentation because the letter was neither false nor misleading.

Applying the least sophisticated debtor test, I find that Plaintiff has failed to state a claim for relief under the FDCPA. The collection letter sent to Plaintiff by Defendant states that "no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account." (Compl., ¶ 26.) To the least sophisticated debtor, this statement is not misleading, since it clearly and unambiguously explains the state of the Account and that no interest will be added while Defendant services the Account. Nonetheless, Plaintiff argues that Defendant violated the Act because Defendant stated that "no interest will be added to the account balance, without disclosing whether or not interest would continue to accrue and be added once CSI completes it [sic] collection efforts." (*Id*. ¶ 40.) However, I do not see the inclusion of this statement as misleading.

For example, in *Hopkins v. Collecto, Inc.*, plaintiff alleged similar claims under the FDCPA. No. 19-18661, 2020 WL 1891180, at *1 (D.N.J. Apr. 16, 2020). There, the collection letter sent to the plaintiff stated that the interest and fees were $0, but the plaintiff claimed that "he was under the belief that 'interest, late charges, and other charges and fees related to collection costs could accrue.'" *Id*. In dismissing plaintiff's claim, the *Hopkins* court emphasized that "[a] letter must be materially misleading to violate the FDCPA." *Id*. at *2. Furthermore, the court aptly noted:

> The language of the letter is clear: it displays the amount due and includes an itemization [in] the body of the letter. "To require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are

5

> confusing to the least sophisticated consumer—precisely the type of letter the FDCPA is meant to protect consumers against."

*Id*. (quoting *Dick v. Enhanced Recovery Company, LLC*, No. 15-2631, 2016 WL 5678556, at *8 (E.D.N.Y. Sept. 28, 2016)). Similarly here, Defendant in no way deceived or misled Plaintiff by omitting an assurance that the Account's interest will not change in the future. Indeed, the least sophisticated consumer could not have concluded that interest would someday accrue on the Account as the collection letter plainly stated that Defendant would not charge interest on the debt. Moreover, the FDCPA is intended to protect consumers against overly confusing collection letters; requiring Defendant to include additional allegedly clarifying statements would jeopardize this practice.

The court's decision in *Reyes v. Associated Credit Services, Inc.*, is also persuasive. No. 19-01670, 2020 WL 3642441 (M.D. Pa. July 6, 2020). There, the collection letter at issue stated plaintiff's account had "$0.00" interest charges. *Id*. at *1. The court determined that the letter contained "no implicit or explicit threats or any other statements that could be reasonably construed as unfair or unconscionable" and thus granted summary judgment for defendant. *Id*. at *3. Likewise, in this case the record is clearly devoid of unfair or unconscionable actions by Defendant. The letter merely states the amount due to Defendant, the deadline for payment, and that no interest will be added on the Account while under Defendant's collection efforts. Although Defendant did not itemize the no interest charge in the collection letter, as defendants did in *Hopkins* and *Reyes*, both courts held that the least sophisticated consumer could not be misled by a letter clearly specifying that no interest would be charged to the debtor's account balance. *See generally Hopkins*, 2020 WL 1891180; *Reyes*, 2020 WL 3642441. The letter at issue here unambiguously states that no interest will be added to Plaintiff's balance during Defendant's

6

collection efforts. Such a statement is not misleading but, rather, is clear and would not be misunderstood by the least sophisticated debtor.

Plaintiff attempts to save her claim by crafting four possible ways that the least sophisticated debtor could interpret the collection letter. (Compl. ¶ 47.) Specifically, Plaintiff alleges that the collection letter could be read to mean:

> (1) Interest is not accruing during the course of CSI collection efforts; or
>
> (2) Interest is accruing, but will not be added to the account balance until CSI completes its course collection efforts; or
>
> (3) CSI course of collection efforts will cease at the end of the ACCOUNT RESOLUTION OFFER period; or
>
> (4) CSI course of collection efforts [will] continue beyond the end of the ACCOUNT RESOLUTION OFFER period.

(*Id*.) Defendant contends that these four interpretations are not conclusions that would be reached by the least sophisticated debtor, but are instead interpretations created by Plaintiff's attorney for litigation. (Def. Reply at 10.) The Third Circuit has explained that the purpose of the least sophisticated debtor standard is to "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Plaintiff's proposed interpretations of the collection letter are the type of "bizarre or idiosyncratic" theories that simply cannot serve as the basis for an FDCPA claim.

Indeed, other courts outside of this Circuit have also found that similar collection letters do not violate the FDCPA. *See, e.g.*, *Degroot v. Client Servs. Inc.,* 977 F.3d 656 (7th Cir. 2020); *Delgado v. Client Servs.*, No. 17-C-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018). For example,

in *Delgado*, the Northern District of Illinois considered a letter sent by CSI that itemized plaintiff's balance, indicating "$0.00" of interest was owed. 2018 WL 1193741, at *1. Ultimately, the *Delgado* court found that the least sophisticated consumer would not have been misled by the letter and explained that it was not Congress's intention to create an impossible situation for debt collectors to search for a letter that is perfectly written. *Id*. at *3. Furthermore, the court stated that the FDCPA does not require defendant to note that the interest amount will not increase in the future. *Id*. at *4. Similarly, in *Degroot*, the Seventh Circuit affirmed the dismissal of plaintiff's FDCPA claim where the collection letter itemized the amount owed and stated that no interest would accrue on plaintiff's account during defendant's collection efforts. 977 F.3d at 662. In affirming the district court's dismissal of Plaintiff's FDCPA, the Seventh Circuit explained that "the presence of ambiguity does not automatically point to an FDCPA violation" and "[t]he fact that a debtor may incorrectly speculate as to a possible outcome does not render a dunning letter misleading." *Id.* As such, because the collection letter in *Degroot* did not suggest any possibility that interest would accrue once defendant ended its collection efforts, there was no FDCPA violation. *Id.* Here, Plaintiff argues that the least sophisticated debtor could understand the collection letter to mean that interest could accrue on her account once Defendant completes its collection efforts. This reading of the letter, however, does not render the letter misleading. However, the letter plainly states no interest would accrue during Defendant's servicing of the debt. The Court declines to stretch the FDCPA to find a violation based solely on Plaintiff's speculation that interest could, one day, accrue on her account following Defendant's collection efforts. *See Degroot*, 977 F.3d at 662.

    I, therefore, find that Plaintiff has not sufficiently alleged that the collection letter is false, misleading, or deceptive. The language of the letter is clear. It adequately states that no interest

will accrue under Defendant's servicing of Plaintiff's debt account. The least sophisticated debtor would understand what amount is owed to Defendant and that no interest would accumulate for the amount of time indicated on the letter. Accordingly, the Court finds that Plaintiff has failed to state a claim for violation of § 1692e.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and all claims against Defendant are dismissed.

Dated: December 9, 2020                                                /s/ Freda L. Wolfson
                                                                                            Freda L. Wolfson
                                                                                            U.S. Chief District Judge